Pettibone, J.,
delivered, the opinion of the Court.
J^his action was commenced hy attachment, and Wm. G. Pettus summoned as garnishee. At the second term interrogatories to the garnishee were filed, which were answered in substance as follo.ws: that Pettus, the garnishee, on the 9th May, 1820, made his note, payable in twelve months, to Richardson and one John A. Smith, for $1180 j that, in the month of August following, he paid to Richardson $84, and took his receipt, executed in the name of Richardspn and Smith ; that on the 18th May, 1821, a judgment was entered against Pettus, in favor of Lynch and others, for the amount of a debt due by Richardson and one Vaughn, for $752 14, and @9 for the costs. That the balance of the said note is due to Richardson & Smith, after deducting the amount of the judgment above mentioned, and the $84; that he is also indebted to Richardson & Smith for the amount of an order drawn by one Jacob White, in favor of them on the said garnishee, for $170, Smith, the joint payee of the note and order, copies into Court and by leave of the Court interpleads that the money attached in Pettus’- hands belongs to him. And thereupon the cause was continued until June term, 1823; at which term it appearing to the Court that the garnishee in this case has no property in his hands of the defendant, and that no other property has been attached, it is ordered that; the cause be dismissed at the posts of the plaintiff; Prom this decision or order the plaintiff appeals.
A bill of exceptions accompanies the record, which states that on the trial of the cause, the same facts appeared in evidence as are ahpve set forth in the answer of tbe *222 garnishee, and that Smith claimed the residue of. the money due on said bondi from Pettus, on the ground that Richardson had previously received more than his proportion of the same. Plaintiff’s counsel moved the Court to instruct, the jury on, this point, that of, the residue of the money in the hands of Pettus, at the time of the. attachment, a moiety ought to he awarded to said plaintiff, if the plaintiff’s demand amounted, to so much, as being the property of Richardson, the residue of the money on said bond being due by said Pettus to Richardson and Smith jointly;, which.instructions the Court refused to give. In this bill of' exceptions, is-the first and last we hear of the jury.
When, and. for what purpose they were empannelled, we are left to conjecture. There is no issue upon the record for them to try. The plea of property interposed by Smith is not denied, nor any way disposed of. Whether the jury gave a verdict, or how they were discharged, does not appear. This jury trial, then, and this instruction prayed, must go for nought, and we must view the case as it appears upon, the record, that the Judge, being satisfied that no property of the defendants had' been attached, ordered the case to be dismissed, at the costs of the plaintiff. Here-is no judgment, in form or in substance, from which a writ of error or an appeal can lie. It is a mere order, striking the cause from the docket. The proper remedy is by mandamus, to compel the- Judge to reinstate the case, if'he has improperly dismissed it. Whether he has improperly dismissed it, will appear when the Judge shall be called upon to show cause why a mandamus shall not issue against him.
The Court are, however, willing to decide the points that have been made on the argument of the cause, in this Court, at this time, because we think it may facilitate-the final decision of the case. We-are of opinion, in the first place, that'the interest of a joint obligee in bonds, may be attached for his individual debt. We are also of opinion, that one joint obligee may receive the whole debt, and discharge the obligation. But whatever he receives over and above his proportionate share, he holds in trust for the other joint obligees. That, whenever a joint obligee has received his proportionate share of the debt, he has no longer any interest in it that can be attached. That, although he may receive the balance of the money, and discharge the debt, yet he will receive it as a trustee 5. and a trust estate can never be attached, for the debts of the trustee. In this case, it appears, from the answer of the garnishee, that Richardson had received, prior to the levying of this attachment, more than his half of. the money upon the bond, and that,.therefore, he had no further interest in it which, could be attached. But this does not. appear to. be the case with the order drawn by White.
That is a.transaction entirely distinct from-the bond. No part of it has been.paid by the garnishee. Richardson has, therefore, an undivided interest in that, which.is. liable to. attachment. The Judge, therefore, did wrong in dismissing the attachment, on the ground that the garnishee had no property of the defendant’s in his hands,, unless he had further evidence before him than what appeared upon the reaord..
The appeal must be dismissed,.with costs on the appeal.