GEORGE A. WHITNEY & al. versus JOSEPH L. MUNROE, AND PRESIDENT, DIRECTORS AND CO. OF BANK OF CUMBERLAND & al. Trustees.

Though a usual it is not a decisive test, to determine the question, whether trustee or not, that the principal has a right of action against the supposed trustee.

The interest of a joint contractor may be reached by a trustee process though the effect of this may be to sever the joint contract.

If the joint creditors of the parties to a joint contract would claim a priority over the several creditors of either of the contractors, they should assert it by suits against both, and by summoning the same trustees and thus present the question to the consideration of the Court.

IT appeared in this case, from the disclosure of the trustees, that on the 24th of Oct. 1839, Joseph S. Munroe and Joseph Goodwin made a contract with Ira Crocker as agent for the Bank of Cumberland, by which they were to cut and haul lumber, for the bank, on land in No. 3, R 12, near Chesuncook, and were to be paid therefor, on the completion of their labor, by the bank according to certain terms and conditions specified in the contract. It appeared that they went on under this contract and complied with its terms, and that at the time of the service of the Plaintiffs' writ there was due seven hundred and sixty dollars and seventy eight cents.

The liability of the trustees was submitted to the court on the above facts — on the briefs of counsel.

Haines, for the trustees. 1. To charge the trustees the principal must have a cause of action against them. Maine F. &

*M. Ins. Co.* v. *Weeks & Tr.*, 7 Mass. R. 438. This was a joint contract with Munroe & Goodwin, and neither could maintain an action against the bank.

2. To hold the debtors of a copartnership, all the members of the firm should be summoned and it should appear from their examination, that a balance after all debts are paid, is due from the firm to the copartner. *Fiske & al.* v. *Herrick & Tr.*, 6 Mass. R. 271. *Upham & al.* v. *Naylor & Tr.*, 9 Mass. 490. *Pierce* v. *Jackson*, 6 Mass. R. 242. Here was a copartnership, 3 Kent's Com. 6, and Munroe's interest is only a moiety of the net profit of the winter's operation, and here no residuum is shown.

The cases of *Harding* v. *Foxcroft*, 6 Greenl. 76 ; *Post et al.* v. *Kimberly*, 9 Johns. 469 ; *Holmes* v. *Un. Ins. Co.*, 2 Johns. Cas. 329, all relate to the ownership of vessels ; but here was a partnership contract — the parties being interested in the profits or loss of it, which constitutes the essence of that relation. There was no joint tenancy — for there was nothing in which to create a joint tenancy. 3 Kent's Com. 1st Ed. 19.

*Fessenden* & *Deblois,* for the plaintiffs.

It is obvious, unless the property of the principal can be reached by this process — that there is one mode by which an insolvent and fraudulent debtor may place his property beyond the reach of his creditors.

A person indebted, one of several defendants, is chargeable as trustee, *Thompson* v. *Taylor*, 13 Maine R. 420, and it is not easy to perceive why the converse may not be equally true.

It is not true that one cannot be charged as trustee unless the principal can maintain an action against the trustee. One may be charged as trustee where no action could be sustained against him — and discharged where he might be sued by the principal debtor and a recovery had. *Staples* v. *Staples & Tr.*, 4 Greenl. 532 ; *Perry* v. *Coates & Tr.*, 9 Mass. R. 537 ; *Lupton* v. *Cutter & Tr.*, 8 Pick. 303 ; *Gore* v. *Clisby & Tr.*, 8 Pick. 555 ; *Andrew* v. *Ludlow & Tr.*, 5 Pick. 28 ; *Clark* v. *Brown & Tr.*, 14 Mass. R. 271 ; *Hathaway* v. *Russell*, 16 Mass. R. 476.

This was the case of a joint contract — and the law of partnership, that partnership property is pledged to the payment of partnership debts — and that therefore the remainder after the payment of debts may be reached by trustee process, does not apply to a joint contract. *Thorndike* v. *De Wolf & Tr.*, 6 Pick. 100; *Post* v. *Kimberly*, 9 Johns. 469; *Holmes* v. *Un. Ins. Co.* 2 Johns. Cas. 329; *Harding* v. *Foxcroft*, 6 Greenl. 76.

The opinion of the Court was delivered by

WESTON C. J. — The policy of the law of foreign attachment is, to render the effects and credits of the principal debtor, in the hands of the trustee, available for the benefit of the creditor. The law should receive a liberal construction, in furtherance of this object. With respect to credits, one of the usual tests, to determine the question, whether trustee or not, is, whether the principal has, or has not, a right of action against the supposed trustee. But this test is not in all cases necessarily decisive, as there are exceptions to its application, of which the counsel for the plaintiff have put some examples.

The alleged trustees in this case are the holders of funds, of which the principal debtor is entitled to a moiety. He has it not in his power, without joining the party entitled with him, by any coercive process, to compel payment. The principal reason for the necessity of this joinder usually given is, that otherwise the party indebted might be liable to the cost and inconvenience of two suits upon one contract. Hence if he himself sever the cause of action, by paying one of his joint creditors his proportion, he is liable to the several creditor. So the law, in carrying out its remedial provisions, may sever a contract, so as to subject the debtor to the liability of two suits upon one contract. The death of one of two jointly contracting parties, renders the survivor and the administrator of the deceased party each liable to a several suit. So if the trustee be indebted to the principal in an entire sum, beyond the amount wanted to satisfy the judgment recovered by the attaching creditor, he will remain liable to the action of his prin-

cipal for the residue. The trustee is but a stakeholder; and the law indemnifies him for the expense of the suit, by allowing him to deduct it, as a charge upon the fund in his hands. Notwithstanding, therefore, if the trustees are charged in this case, an entire liability will thereby be divided into two parts, in the judgment of the court, this objection cannot prevail.

The counsel for the trustees further insist, that they ought to be discharged, because the fund may be wanted for the joint creditors of Munroe and Goodwin, who it is said in the business, from which it accrued, are to be regarded as partners. It is not necessary to decide, whether they stood in this relation or not, as it does not appear that they had any joint creditors or if they had, that they have any occasion to interfere with this attachment. If they would claim and assert any such superior right, it was easy for them to have done so, by suits against both, summoning the same trustees. The court would then have been called upon to determine who had the better title to the fund. But no such question arises in the case, as now presented. The attaching creditor is entitled, if wanted to satisfy his judgment, to one half the debt disclosed.

*Trustees charged.*