### THOMAS PERRY v. W. F. BLATCH.
#### No. 87.

GARNISHMENT — *Duty of Court.* The defendant's interest in a debt owing to him and another, but not as partners, is subject to garnishment; and upon payment by the garnishee of the full amount of the debt into court, and the appearance of all parties claiming an interest in the money, the court should determine the interest of the defendant, and hold it subject to the garnishment proceedings.

MEMORANDUM.— Error from Clay district court; R. B. SPILMAN, judge. Action of garnishment by Thomas Perry against C. F. Buckell and another. Judgment for W. F. Blatch, interpleader. Plaintiff brings the case to this court. Reversed. The opinion herein, filed February 14, 1896, states the material facts.

*Stambaugh & Hurd,* for plaintiff in error.

*F. L. Williams,* and *B. B. Tuttle,* for defendant in error.

The opinion of the court was delivered by

GARVER, J. : In an action commenced in the district court of Clay county by Thomas Perry, the plaintiff in error, against Anna T. Buckell, one William Stacy was summoned as garnishee. Stacy answered, and paid into the court the sum of $126, which he admitted he was owing under a contract made between him and the defendant, Buckell. Afterward, the defendant in error, W. F. Blatch, filed an interplea in the case, claiming that the money was owing to him instead of to Mrs. Buckell. Upon issues joined between Perry and Blatch, the court adjudged the money garnished to belong to the latter. Of this decision and judgment Perry complains.

The evidence shows that W. F. Blatch, a non-resident of the state, was the owner of a quarter-section of land in Clay county of which Mrs. Buckell had charge.  With the owner's consent, Mrs. Buckell used the land in various ways, and, at her own expense, inclosed it with a fence, with the understanding that she should be repaid therefor out of the use of the land.  Thereafter she leased the land, in her own name, to William Stacy, for a cattle pasture, during the season of 1891, she agreeing to be responsible for his cattle and to supply them with salt.  In consideration of the use of the pasture and said services of Mrs. Buckell, Stacy agreed to pay her the sum of $130.  The evidence shows, without substantial dispute, that there was still due Mrs. Buckell, on account of the fencing, about $70, and that her services in looking after and caring for the cattle while in the pasture were a substantial part of the inducement for the consideration agreed to be paid by Stacy.  On the part of the plaintiff, it was contended that Mrs. Buckell had leased the land from Blatch, and that, therefore, she was entitled to what was due on the subletting to Stacy.  On the other hand, it was claimed by the interpleader, Blatch, that Mrs. Buckell acted simply as his agent in leasing the pasture, and that he, as owner and principal, was legally entitled to the money paid therefor.

The evidence is somewhat conflicting and unsatisfactory concerning the arrangement between Blatch and Mrs. Buckell, and it is not clear what their relations in fact were.  But, in the view we take of the case, it is not necessary for us to determine these matters, for, if she had a lease from Blatch, the entire rent to be paid by Stacy was owing to her ; and if she was only an agent, yet she was an agent with

an interest of such a character that she might, in her own name, have maintained an action upon the contract against Stacy. This is not, in any view of the facts, a debt or fund in which the defendant and Blatch are interested as partners. If it were, it would not be attachable at the suit of a creditor of one of the partners for his individual debt. (*Trickett v. Moore*, 34 Kan. 755.) But, conceding that there was a joint ownership of the money, each owner had an interest which was easily determinable and capable of being definitely fixed, and therefore was, in law, an interest which was certain. The garnishee, without objection, paid the money into a court having full jurisdiction of all the parties and of the subject-matter of their controversy. Whatever interest Mrs. Buckell had at the time the garnishee was summoned was transferred to the plaintiff by the garnishment, so as to be beyond the reach of any subsequent agreement between her and Blatch. Thereafter, the only question left was the determination of how much of this garnished fund legally belonged to the defendant as against the interpleader, Blatch. What she could have legally claimed was subject to garnishment in this action. (*Whitney v. Munroe*, 19 Me. 42; *Thorndike v. DeWolf*, 6 Pick. 120; *Miller v. Richardson*, 1 Mo. 310; *Fogleman v. Shively*, 4 Ind. App. 197.)

We think the court should have found what the defendant's interest was in the money paid in by the garnishee, and should have applied that amount on the plaintiff's judgment, returning the balance to Blatch.

The judgment will be reversed, and the case remanded for further proceedings in accordance with this opinion.

All the Judges concurring.