[No. 2312.  Decided December 8, 1896.]

MILES C. MOORE *et al., Executors, Appellants,* v. DAVID GILMORE *et al., Respondents.*

GARNISHMENT — INDIVIDUAL INTEREST IN JOINT DEBT — PARTIES.

In an action against one party, a debt due such party and another person jointly may be reached by garnishment to the extent of the principal defendant's interest therein for the purpose of satisfying his individual debt.

Where the object of a garnishment proceeding is to reach the indebtedness due by the garnishee to the principal defendant and another jointly, such other joint creditor should be made a party to the proceeding, in order that the rights of all persons interested in the subject matter of the garnishment proceedings may be duly determined and protected.

Appeal from Superior Court, King County. — Hon. RICHARD OSBORN, Judge.  Affirmed.

*Boyer & Guie,* and *Greene, Turner & Lewis,* for appellants.

*Ira Bronson,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—The plaintiffs brought suit upon a promissory note and obtained judgment against the defendant Gilmore.  While the action was pending, and a few days prior to the rendition of the judgment, they caused a writ of garnishment to be issued and served on the other parties respondent.  The garnishees appeared and answered, but did not disclose any liability to the principal defendant.  Plaintiffs controverted the answers, and, a jury being waived, the issue came on for trial before the court.  The facts showed that some of the garnishees were indebted to Gilmore and one Kirkman as joint claimants; that Kirkman was dead;

that after his death Gilmore and Kirkman's executors
brought suit on said claim against said garnishees
and obtained judgment; that thereafter the plaintiffs
brought suit on a bond given, in said action last here-
inbefore mentioned, to the plaintiffs, by all of the
garnishees, and obtained a judgment against all of
them; and that none of the judgments had been paid.
On these facts the court discharged the garnishees,
and the plaintiffs have appealed.

The question is presented whether, upon a claim
against one party, garnishees can be held upon a debt
owed such party and another person jointly. The au-
thorities are in conflict upon this point. A number
of cases have been cited by the appellants, holding
that a joint claim may be reached for the individual
debt of one of the joint claimants, and some of the
text books are to that effect. *Whitney v. Munroe*, 36
Am. Dec. 732; *Thorndike v. De Wolf*, 6 Pick. 119; *Mil-
ler v. Richardson*, 1 Mo. 310; *Fogleman v. Shively*, 4 Ind.
App. 197 (30 N. E. 909); *Perry v. Blatch*, 2 Kan. App.
522 (43 Pac. 989); Drake, Attachments, §§ 566 to 572;
8 Am. & Eng. Enc. Law, p. 1169.

There are other cases and text books, cited by the
respondents, holding to the contrary, and a number
of cases have been cited by both parties relating to the
garnishment of debts due a partnership on a claim
against one of the partners. A distinction is drawn
in the authorities between debts due joint claimants
and those due to a partnership, and in some states
where it is held that joint claims may be reached upon
a debt against one joint claimant, it is held that the
interest of a single partner in a partnership claim
cannot be so reached. The reasons for this usually
given are that a partner has no separable interest in
any specific partnership property, and that such prop-

erty is first liable for partnership debts, and to such claims as may be due the other partners owing by the partner proceeded against, and that the effect of this is to so involve the proceedings as to render the remedy impracticable of enforcement. If there were no such debts, however, it would seem that this reason ought not to prevail, but with that question we have not to deal in this case.

We shall not undertake to review the authorities cited in detail, but we have examined them and are of the opinion that the better sustained rule is that a joint claim may be reached by garnishment to the extent of one of the claimant's interests therein to satisfy his individual debt. The reasons given in those cases holding that a joint debt may not be so reached are not always satisfactory or tenable. A very general one given is that the garnishing creditor can have no greater rights or privileges than the principal defendant or primary creditor of the garnishee. Another one is that the demand cannot be severed and thus subject the garnishee to the liability of several suits. Also, that the other joint claimant is an interested party and entitled to half the moneys collected.

Aside from the question that the garnishing creditor may always inquire into fraudulent transactions between the principal defendant and the garnishee for the purpose of placing such defendant's property beyond the reach of his creditors, the law is well settled that a single claim against one party may be severed to the extent of taking only sufficient of it to satisfy the demands of the garnishing creditor. The fact that the garnishee may be authorized to pay the whole demand to the officer, or to turn over the whole property to him, as the case may be, can have no bearing on this, for it might not always be allowable, at his op-

tion, as in a case where he should be under two garnishments from different courts, to recover different claims against the principal defendant. If the law will thus sever a single demand owing by the garnishee to the principal defendant solely, it would seem that the only reason for holding that the garnishee cannot be held to answer for the debt of one, where he owes two or more jointly, would be in consequence of a failure in the law to provide for the protection of the interests of the other joint claimants and the garnishee as against them; and, if such protection is given, the difficulty is obviated.

As the right of garnishment is a statutory one, it is probable that the conflict in the authorities is due in a measure to a difference in the statutory provisions of the several states upon the subject of garnishment. The tendency of legislation, in this state at least, has been to extend rather than curtail the right. The general purpose of the law is to subject all property of the debtor, over and above his exemptions, to the payment of his debts. Where the right of garnishment is given it would seem that the question as to whether it would be available in a particular case would be dependent upon two matters: these are, that the remedy should be capable of enforcement, and a due protection given to the rights of third parties who thus become unwillingly involved in such controversies between a creditor and his debtor. It may be said that the law must award such parties, who may well be styled "innocent parties," ample protection, where they are called upon to respond to some other person than their own contract creditor, as in the case of garnishment. Such questions, of course, must be largely determined by the statutes of the particular state upon the subject of garnishment, and the question arises,

what are the statutory provisions of this state relating to these matters?

The last act upon the subject of garnishment, which was in force when the proceedings here in question were instituted, will be found in the laws of 1893, commencing at page 95, and contains very general and liberal provisions. In addition to the usual ones allowing persons indebted to, or holding property of, the principal defendant to be garnished, it provides that a joint stock company or corporation, in which the principal defendant is an owner of shares, may be garnished. There are other provisions of the code authorizing the garnishment of a sheriff or constable, a judgment debtor, an executor or administrator, or a fund in court. Code Proc., §§ 306 and 307. The law provides that both the plaintiff and the defendant in the principal action may controvert the answer of the garnishee, and provides for a trial of the issue thus formed, and liberal provisions are made as to protecting the garnishee from costs. So it will be seen that the remedy here, is a favored, broad and comprehensive one, and § 322 of the code requires that it shall be liberally construed in furtherance of its objects.

There can be no question as to the practicability of the remedy as applied to the facts of this case, and it would seem, therefore, that the only question is, does the law afford sufficient protection to the rights of these garnishees and the other joint claimants? If so, a reasonable construction to effect its evident purposes, would require us to hold that a joint debt may be reached to satisfy a demand against one of the joint claimants. But we are of the opinion that the other joint claimants must be held to be interested parties in a proceeding like this, as the relations between the

joint claimants and the garnishee will be so materially changed by virtue of the proceeding. It is clear that the garnishing creditor can only enforce collection of the interest of his debtor in the joint claim, and then only to the extent of satisfying his own claim, and a balance might be left due such debtor from the joint debtor, though less, to the amount of that recovered, than that due to the other joint claimant. It is evident that such a change in the relations of the parties should not be made without giving the other joint creditor an opportunity to participate in the proceedings and insist upon the payment of the whole claim, and upon his right at that time to his share of the moneys collected. We have no doubt that the joint claimants and their debtor might make any agreement between themselves that was satisfactory to them, as relating to the payment of the balance of the claim after the demands of the garnishing creditor are satisfied; but, for the protection of all parties, the other joint claimants should be brought in, or at least given an opportunity to come into the proceeding to protect their rights, and also to the end that they should be thereby concluded as against the garnishee to the extent of the amount recovered of him.

From the decisions, it looks as though in some instances unnecessary hardships are placed upon a garnishee in such a proceeding, where he has no direct interest as between the parties, in requiring him to act at his peril to see that the garnishment proceeding is properly instituted and a valid judgment rendered against him, or that otherwise a payment thereunder would be no protection to him in an action by the debtor in the principal action. This could be obviated in all cases by making such principal defendant a party to the garnishment proceedings, where he is

not one, so that the whole matter could be determined and the rights of all parties concluded and the garnishee thus effectually protected.

Section 150, Code Proc., provides that the court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights. But when a complete determination cannot be had without the presence of other parties, the court shall cause them to be brought in. This statute not only gave the right or power to bring in the other joint claimants in this instance, but, in our opinion, it should be held as making it obligatory, as such seems to be the intent of the provision. It is true that, in *Marx v. Parker*, 9 Wash. 473 (43 Am. St. Rep. 849, 37 Pac. 675), we said that the court could not, upon its own motion, require a third party to intervene in a garnishment proceeding; but this would not prevent the court from requiring a third party to appear upon the application of either of the parties in court. While the method of bringing such third party into court is not clearly pointed out, it seems to us to be clearly authorized in some manner by this section, and also by § 49, which provides that where jurisdiction is given, all means to carry the proceeding into effect are also given; and if the course of proceeding is not specifically pointed out by statute, any suitable process or proceedings may be adopted which may appear most conformable to the spirit of the code. This statute was clearly intended for a purpose, and that purpose is apparent. It would apply to a case of this kind, in the absence of any special provision, and it must be held in force, it seems to us, and to cover such a case as this; or it must be held that its provisions are so general as to be

wholly inoperative, and we can see no reason for so holding and thus depriving it of any effect. Provision is also made whereby the other joint claimant could intervene upon his own motion, or, in case there was a dispute as to the fund, provision is made for the payment of the same into court by the garnishee. Code Proc., §§ 152 to 156.

. Now, while either of the parties could have applied to the court to have the other joint claimants brought into the proceedings, it seems to us that the obligation rested upon the plaintiffs, as they were the moving parties. They might have done this in the first instance, if they knew the facts, by applying to the court for an order and having suitable process or notice served upon the other joint claimants requiring them to appear in the proceeding and ask for such relief as they were entitled to; or, in consequence of a failure to do so, to be concluded by the judgment thereafter rendered; or they might have done so afterwards, when the nature of the indebtedness was disclosed. While the defendants in the garnishment proceeding had this privilege, it was not incumbent on them to exercise it, and as the plaintiffs did not ask to have the matter put in shape so the court could protect the interests of all parties, there was no error in dismissing the proceedings, and for that reason the judgment is affirmed.

DUNBAR and GORDON, JJ., concur.