[No. 21230.   Department One.   September 24, 1928.]

## Wm. Brelle & Company, Incorporated, *Respondent,* v. Green Mountain Lumber Company *et al., Appellants.*[1]

[1]Reported in 270 Pac. 425.

*A. C. Bannon,* for appellants.
*Bronson, Jones & Bronson,* for respondent.

FULLERTON, C. J.—On April 2, 1927, the respondent, Wm. Brelle & Co., Inc., instituted an action in the superior court of King county against the appellants, Green Mountain Lumber Co., Robert L. Stitt and his wife, and E. O. Fitzpatrick and his wife, to recover upon a promissory note. The note declared upon was for the sum of five thousand dollars, was dated October 1, 1926, and was due six months after its date. It was executed by the Green Mountain Lumber Co., as maker, and by Robert L. Stitt and E. O. Fitzpatrick, as indorsers.

At the time of the commencement of the action, the respondent applied for the appointment of a receiver of the property of the lumber company, averring that the company was insolvent. On the showing made, the court appointed, *ex parte,* a temporary receiver, and entered an order directed to the lumber company to be and appear at a time and place appointed, and show cause why a permanent receiver should not be appointed. The temporary receiver qualified as such, and immediately took possession of the property of the

lumber company, and remained in such possession until the time fixed for the hearing on the application for a permanent receiver. At that hearing, the court refused to appoint a permanent receiver, vacated the order appointing the temporary receiver and directed his discharge.

The respondent thereupon filed an amended complaint, declaring upon the note as it had done in its original complaint, and further alleging that, at the time of the execution of the note, and as a part of the same transaction, the appellant, Green Mountain Lumber Co., transferred and pledged to the respondent, as security for the payment of the debt evidenced by the note, its first mortgage bonds of the face value of ten thousand dollars. It sought judgment upon the note, a foreclosure of its lien upon the bonds, and a sale thereof in satisfaction of the judgment. It issued a new summons, and caused it to be served upon the defendants named therein who had not been served with the original summons and complaint, and who had not appeared in the action.

All of the defendants in the action appeared and answered jointly. By denials, they put in issue the allegations of the complaint which sought to charge them with liability, and set up what was, in substance, three affirmative defenses. The first was want of consideration for the execution of the note. In the second, it set up an agreement between the individual defendants and the American Exchange Bank of Seattle, then the owner of certain saw mill property, by which they contracted to purchase the mill property, form a corporation and convey the property to it, issue negotiable bonds in the name of the corporation and turn the bonds over to the bank; that the bank, in turn, agreed to advance sufficient funds to put the mill property in operation as a going concern, sell the bonds, and out

of the proceeds to pay itself the purchase price of the property and the money advanced. It then alleged that, upon the compliance with the terms of the agreement on their part, the bank informed them that it could not make the advances directly, but would procure the advancements to be made through the respondent; that they thereupon executed the note in suit and delivered it to the respondent, and that the respondent thereupon refused to advance the money called for by the note, whereupon the parties entered into a new agreement which superseded the note. It was further alleged that, on the execution of the new agreement, they demanded a return of the note, which demand was refused them. The conclusion is drawn that the note is superseded and satisfied, and that, if any cause of action against the appellants arises out of the transaction, the respondent is not the real party in interest, and is without authority to sue thereon.

The third defense was in the nature of a cross-complaint. In it the appellants set up the proceedings leading to the appointment of the temporary receiver, and alleged that, during the time the receiver was in possession of the mill plant, the plant was closed down, the business of the defendant mill company interfered with, and its credit standing injured, to its loss and damage in a sum not less than ten thousand dollars.

The respondent moved and demurred to the answer, and the trial court struck therefrom the third affirmative defense. The appellants thereupon filed an amended answer, in which the part stricken from their original answer was omitted. In other respects it was not substantially changed. The respondent put the affirmative allegations of the answer in issue by a reply which was, in substance, a general denial.

On the issues joined, a trial was had, at the conclu-

sion of which the court found on the issues in favor of the plaintiff, the respondent here, and entered a judgment and decree allowing a recovery upon the note, and a foreclosure of the lien on the bonds pledged to secure the payment of the note.

The judgment and decree was entered on September 30, 1927. The appellants on the same day filed exceptions thereto, and at the same time filed a motion for a new trial. While the motion was pending, the respondent caused an execution to issue on the decree of foreclosure, and caused the pledged bonds to be sold at public sale by the sheriff. The respondent became the purchaser at such sale, bidding in the bonds for the sum of one dollar. Thereafter it caused an execution to issue on property of the appellants, situated in an adjoining county, and was proceeding with the sale of such property when the appellants moved to set aside the sale of the bonds, and for an order recalling the execution. These motions the court granted, but without prejudice to the issuance of an execution in accordance with the decree of the court.

Subsequent to the sale of the bonds which the court afterward vacated, an attorney of the respondent made affidavit to the effect that the appellant corporation was indebted to its co-defendants, and had property in its possession subject to execution belonging to such appellants, and caused a writ of garnishment to be issued and served, requiring the corporation appellant to answer as to such property. The appellants moved to quash the writ, and this motion the trial court denied.

In due time, the appellants' motion for a new trial of the main action was denied, whereupon the appeals before us were taken; the one from the decree entered in the main action, and the other from the order refusing to quash the garnishment proceedings.

Noticing the appeal from the principal decree, the first contention of the appellants is that the trial court erred in refusing to sustain their objection that there was another action pending for the same cause of action. The merits of the cause were tried, it will be remembered, on the allegations of the amended complaint, the allegations of the answer thereto, and the reply to the answer. The appellants urge that the filing of the amended complaint was, in substance and effect, the commencement of a new action; and, since the prior action was then pending undisposed of, it was the duty of the court to refuse to proceed with the second action whenever its attention was called to the pending prior action. If we correctly understand the argument of the appellants' learned counsel, he bases his contention on two grounds: first, because no leave of court was obtained permitting an amendment of the complaint; and, second, because the amended complaint sought additional relief from that sought in the original complaint.

But we are not convinced that either of these considerations warrants the conclusion that a new action was instituted. The action as originally commenced was then pending. The amended complaint was filed in that action as a part of the procedure therein, and as a continuance of it. The fact that it was filed without leave, or the fact that some additional relief was sought which was not sought in the original complaint, does not require or even permit the holding that a new action is thereby commenced, however subject the procedure may be to other objections. The numerous cases cited by the appellants, we do not feel called upon to review. They sustain the principle that a prior pending action is a good defense to a subsequent action between the same parties for the same

cause of action, a principle we do not question. As we view the record, it is not here presented.

The second contention is that the court erred in sustaining the demurrer to the cross-complaint by which the appellants sought to recover damages arising out of the appointment of the temporary receiver. But we think there was no error in this regard. Possibly had the trial court required the respondent to take issue on the cross-complaint, and had tried out the issue and had set off any judgment the appellants obtained therein against the recovery on the note, error could not have been predicated thereon. But we are clear that it was not error to refuse to try out the issue tendered. The matter arose out of a transaction in no way involving the principal issue tendered. It could require a trial by a jury, which was not then present before the court. It was the subject of an independent action, and the appellants' right to recover thereon was not barred by a failure to present it in the pending suit. Whether, therefore, the court would entertain the plea was at least a matter within its discretion, and manifestly there was no abuse of discretion in refusing to entertain it.

The third contention is that the note sued upon was superseded by a subsequent independent agreement, and could not thus furnish the basis for a cause of action. The facts out of which the contention arises are, in substance, these: The appellants had purchased from the bank named a saw-mill property, the saw mill upon which was not then in a condition to be operated. It required somewhat extensive repairs. To repair it and put it in an operating condition required the expenditure of considerable sums for new material and considerable sums for labor. When the negotiations for the loan were in progress, the respondent required that the money loaned be used to the extent necessary

in putting the saw mill in a condition to be operated, and it was mutually agreed that the respondent should retain the money and pay it out on obligations incurred for such material and labor as the obligations accrued. The respondent required this part of the agreement to be reduced to writing, and the matter was submitted to the respondent's attorney to prepare the writing. The note was dated as of the time the negotiations for the loan were concluded, but the agreement was not prepared until some days later and bore a date subsequent to the date of the note. The money represented by the note was advanced in accordance with the agreement, the respondent finally advancing the entire sum agreed to be loaned. It is this agreement that the appellants contend supersedes the note, but we agree with the trial court that the entire transaction was one, and that the money advanced was repayable according to the terms of the note. It was proper, therefore, for the respondent to declare upon the note and not upon the collateral contract.

The foregoing also answers the further objection that the action was prematurely commenced. It was commenced on the day following maturity of the note and is not premature unless it is to be held that the note was superseded by the subsequent contract or that the contract in some way extended the time of payment. Our view is that neither of these claims is well founded.

The fourth contention is that the respondent is not the real party in interest. We have stated somewhat in detail the allegations of the answer on which the appellants rely to establish the contention. It was there asserted, it will be remembered, that the purchase of the mill property was made from the American Exchange Bank, and that the bank, as an inducement to the purchase agreed to make the necessary

advances to put the mill on an operating basis, refusing afterward so to do and turning the appellants over to the respondent to procure a loan for that purpose. The claim is that this was but a subterfuge; that the bank actually made the loan and is in no situation to recover because, by the terms of the agreement between the appellants and the bank, the bank consented to receive its pay from another source. There was much evidence introduced to establish the contentions, but, without reviewing it at length, we are convinced that the contentions were not established. The respondent was engaged in the business of loaning money. There was nothing unusual or out of the usual course in the transaction, and we are satisfied, as was the trial court, that the loan was in good faith, and that the writing correctly evidenced the transaction. Whether the bank breached its contract, we do not determine, and our conclusions on this branch of the case will in no way affect the independent action the appellants are now waging against the bank to recover against it because of the alleged breach.

The appellants assign error on the proceedings relating to the sale of the pledged bonds after the decree of foreclosure was entered against them. But, conceding that there was error in the proceedings of which the appellants might have complained had the sale been confirmed by the court, we see nothing on which error can be predicated, since the court refused to confirm the sale and set aside the proceedings, thus requiring a resale of the bonds.

The next complaint is based on the order of the court refusing to quash the garnishment proceedings issued on the judgment and served upon the corporation appellant, requiring it to answer whether it held property subject to execution belonging to its co-defendants. The argument against the writ is twofold.

It is contended, first, that the writ will not lie under the statute; and, second, that it is premature because issued before the sale of the pledged property and thus before it was determined whether or not there would be a deficiency. The first objection, we think, is met by the statute itself. Section 680 of the code (Rem. Comp. Stat.) provides that the clerk may issue a writ of garnishment where the plaintiff has a judgment wholly or partially unsatisfied in the court from which he (plaintiff) seeks to have such a writ issued. Section 682 provides that the writ shall issue upon affidavit, stating the facts authorizing the issuance of the writ, and that the affiant has reason to believe, and does believe, that the garnishee is indebted to the defendant, or that he has in his possession personal property or effects belonging to the defendant, or that the garnishee is an incorporated or joint stock company and that the defendant is the owner of shares in such company or has an interest therein.

There are no special exceptions or exemptions in favor of any person or corporation. Any such person or corporation, capable of being sued, may be required to answer. If, therefore, there is an exception in favor of a judgment debtor who is garnisheed to answer for property in his or its possession belonging to his co-judgment debtor, it must be found in the general law apart from the statute. But we can conceive of no reason why the general law should exempt such a garnishee from answering. A writ of garnishment issued before final judgment sometimes performs the functions of sequestering property to await a final judgment something after the manner of an attachment, but after final judgment its main purpose is to subject property to its satisfaction which cannot be reached by a general execution; and simply because property of one joint judgment debtor is in the hands of another

such debtor ought not to be a reason for exempting it from execution, and we cannot so hold.

The second reason is also without merit. The record shows a judgment against all of the defendants for a stated sum of money, with an order of the court directing certain pledged property to be sold and the proceeds of the sale applied upon the judgment. It may be that the judgment debtor whose property is sequestered by the garnishment proceeding has the right to ask that the pledged property be sold before his own property is subjected to the satisfaction of the judgment, but it does not follow that he has the right to have the garnishment quashed, as this would be to deny one of the functions of the writ, namely, the right of the creditor to have the property of a debtor sequestered to await the determination of the question of liability.

There are other objections urged against the judgment, but as they are determined by the conclusions reached on the questions discussed, they require no special notice.

The judgment and orders appealed from will stand affirmed.

MITCHELL, PARKER, TOLMAN, and HOLCOMB, JJ., concur.