[No. 21673.   Department One.   May 31, 1929.]

DEWITT C. SISSON *et al., Respondents,* v. J. A. DURRANT *et al., Appellants,* E. M. BRAGER *et al., Defendants.*[1]

*Lewis & Church* and *E. W. Klein,* for appellants.

*Thos. Geisness* and *J. W. Lindsay,* for respondents.

HOLCOMB, J.—Respondents sued to recover, from appellants and defendants Brager, damages to be trebled under the statute, for timber which had been cut, and to restrain appellants and defendants Brager from

[1]Reported in 278 Pac. 174.

conducting further logging operations on the lands described in the complaint. Respondents allege full performance of a contract for the purchase of the lands between themselves and appellants. Appellants denied performance of the contract by respondents, and, by way of cross-complaint, affirmatively alleged a breach of the contract by respondents and a consequent cancellation thereof by appellants.

The contract having been recorded by respondents, appellants prayed for a decree quieting title to the lands described in the pleading in appellants. By reply, respondents aver that they did not make the payment of semiannual interest which fell due March 1, 1928, provided for in the contract, because they were prevented from so doing by reason of garnishment proceedings in an action prosecuted in the superior court for Snohomish county, entitled ''First National Bank of Snohomish, a corporation, plaintiff, vs. A. M. Bailey and Ellen Bailey, his wife, *et al.*, defendants,'' commenced on September 13, 1927; that a writ of garnishment was issued in that cause on that day, served upon respondents on September 29, following, and that, on account thereof, respondents were excused from making the payment of interest due appellants, and that appellants were without right or authority to forfeit and cancel the contract at all times subsequent to the service on respondents of the writ of garnishment.

It appears that appellant Durrant was never made a party to the garnishment proceedings, but it also appears that notice of the garnishment proceedings was given to Durrant during the pendency thereof by respondents, and that Durrant gave no heed thereto.

It is further alleged in the reply that, at the time of making the contract set out in the complaint and immediately after the execution thereof, appellants as-

sured respondents that they would not exact prompt and punctual payments, and would not forfeit any rights under the contract without reasonable notice; and it is further alleged that Durrant, as executor of the estate of his deceased wife, was without authority to give notice of forfeiture. Neither of the last allegations was supported or urged at the trial below.

The trial court granted respondents a decree awarding simple damages, without trebling, for $1,791.79, enjoined further logging after ten days from the entry of the decree, and ordered the purchase contract to be credited with the amount of damages awarded.

The facts are substantially unconflicting. Appellants reside at Snohomish, Washington, and for some years have been the owners of lands described in the complaint of respondents. On August 30, 1927, appellants sold the lands by an executory contract to respondents, who reside at Port Angeles, Washington. The contract is set out in the complaint. It provides for annual payments of installments of the principal and semiannual payments of interest. Respondents failed to pay the semiannual interest falling due March 1, 1928, and on March 5, following, appellants elected to declare a forfeiture, and mailed to respondents at Port Angeles notice of cancellation of the contract. The notice was sent by registered mail, and respondent D. C. Sisson received it on March 8, following, giving his registry receipt therefor. On the same day, respondents deposited in the mail at Port Angeles a letter addressed to appellant Durrant at Snohomish, enclosing a check in full for the interest due March 1. The check was received by appellants at Snohomish on March 9, and the same was at once returned to the attorney for respondents for the reason that the contract had been forfeited prior to receipt of the check. On April 23, 1928, appellants sold the timber on part of

the land included in the contract, on contract to defendant Brager, who proceeded to log the timber.

After being served with a writ of garnishment in the suit of the *First National Bank v. Bailey, et al.,* in the superior court for Snohomish county, respondents answered the writ during the month of October, 1927, and still later, in August, 1928, served upon the attorney for the garnishment creditor an amended answer to the writ which was filed on August 6, 1928. The bank, as garnishing creditor in that case, served a reply to the answer in garnishment, controverting the allegations of the answer. The bank, however, on August 6, 1928, dismissed the garnishment proceeding, which was its final disposition.

The trial in this cause took place on August 10, 1928, and the garnishment proceedings having been finally disposed of by dismissal but a few days previous, respondents brought in the check which they had paid for the March 1st installment of semiannual interest, tendered it as payment of the interest and deposited it with the clerk of the court.

Under the contract in this case, making time the essence thereof, respondents having failed to pay the interest due March 1, unless excused by law, appellants had the undoubted right to declare a forfeiture. *Sleeper v. Bragdon,* 45 Wash. 562, 88 Pac. 1036; *Garvey v. Barkley,* 56 Wash. 24, 104 Pac. 1108; *Reese v. Westerfield,* 56 Wash. 415, 105 Pac. 837, 28 L. R. A. (N. S.) 956.

There were no forbearances pleaded or shown as to the payments of installments prior to the one defaulted. Under such circumstances, the vendor, unless there was some legal excuse preventing a forfeiture, had the right to make it without notice and a delay for a few days after the installment became due would constitute no waiver. *Garvey v. Barkley, supra.*

■ Appellants contend that the garnishment pending in Snohomish county did not suspend the operation of the contract and the payments thereunder, so as to relieve respondents therefrom. Cases under our garnishment statutes prior to 1893 are cited which are inapplicable here: *Eureka Sandstone Co. v. Pierce County,* 8 Wash. 236, 35 Pac. 1081; *Marx v. Parker,* 9 Wash. 473, 37 Pac. 675, 43 Am. St. 849; *Bellingham Bay Boom Co. v. Brisbois,* 14 Wash. 173, 44 Pac. 153, 46 Pac. 238.

The case of *Barkley v. Kerfoot,* 77 Wash. 556, 137 Pac. 1046, is also relied upon, where we held that future installments of rent coming due under a lease was too uncertain and contingent to be regarded as an absolute but not matured indebtedness within the meaning of our statute, as supporting their contention.

The reasons for the decision in that case were ample, and do not apply to such future payments as are involved in this case.

Referring to Rem. & Bal. Code, § 693, respecting immatured payments requiring the garnishee to pay such sums into court when the same become due, we said:

"This provision plainly covers cases where the indebtedness has been created and exists at the time of the garnishment, but the time of payment has been extended to some future time . . . The covenant to pay rent at a stated future time creates no existing legal demand for the rent nor present indebtedness until the stipulated time has arrived. Such a covenant creates not an absolute, but a contingent liability, as causes may arise which may destroy the liability.

" 'The rent may *never* become due. The lessee may quit the premises with the consent of the lessor; or he may assign over his term with such consent, so as to discharge himself from rent; or he may be evicted by a title paramount to that of his lessor; in either of which cases he will be discharged from the operation of his covenants.' "

In this case, the payments were fixed under the contract, and are not such contingent payments as future installments of rent would be.

■ Appellants also claim that, since the payment falling due March 1 under the contract was the joint fund of appellants and not subject to garnishment by a creditor of Bailey alone, under the general rule of law relating to garnishment of debts due the principal defendant and other persons jointly, in no event could garnishment in this case affect the rights of appellants Durrant.

It is conceded that the case of *Moore v. Gilmore*, 16 Wash. 123, 47 Pac. 239, 58 Am. St. 20, relied upon by respondents below, apparently is contrary to this view, but appellants say that the language in that opinion apparently opposed to this view, is purely dictum; that the language so used was not necessary to the determination of that case, and therefore should not be considered as controlling.

The court clearly stated that:

"The question is presented whether, upon a claim against one party, garnishees can be held upon a debt owed such party and another person jointly."

It was there held, in harmony with what was considered the better line of authorities, that, in an action against one party, a debt due such party and another person jointly may be reached by garnishment to the extent of the principal defendant's interest therein, for the purpose of satisfying his individual debt. Also, that where the object of a garnishment proceeding is to reach the indebtedness due by the garnishee to the principal defendant and another jointly, such other joint creditor should be made a party to the proceeding, in order that the rights of all parties interested in the subject-matter of the garnishment proceedings may be duly determined and protected.

388

The first question was plainly involved. It is the same question as is involved here. The statutes are the same now as then. Rem. Comp. Stat., § 680 *et seq.*

True, the judgment in that case affirmed one below dismissing the garnishment proceedings because other joint claimants were not brought into the case, and the obligation rested upon the plaintiffs, as the moving parties in the proceedings, so to do.

In this case, the garnishee defendants caused notice to be given the alleged debtors in the garnishment proceedings which covered the situation that was omitted in the *Moore* case, *supra.*

We have also held that, from and after the service of the writ, it is not lawful for the garnishee to pay to the defendant any debt or to deliver to him any effects, and any such payment or delivery is void and of no effect as to so much of the debts as may be necessary to satisfy the demand of the plaintiff. *Trowbridge v. Spinning,* 23 Wash. 48, 62 Pac. 125, 83 Am. St. 806, 54 L. R. A. 204; *Lemagie v. Acme Stamp Works,* 98 Wash. 34, 167 Pac. 60; *Brelle & Co. v. Green Mountain Lumber Co.,* 149 Wash. 158, 270 Pac. 425.

We therefore conclude that the writ of garnishment suspended all rights under the contract until the garnishment was finally disposed of, and that respondents had then the right to reinstate their contract by making prompt payment into court of the amount past due, as was done.

The decree is therefore affirmed.

TOLMAN, FULLERTON, and BEALS, JJ., concur.