## Kassow v. Feldman et al.

*Abraham Wernick*, for plaintiff; *A. G. Dickson*, for garnishee.

LEWIS, J., January 26, 1935.—In an effort to collect upon a judgment which plaintiff has, he issued the pending attachment against one of the defendants Leon Feldman, and summoned the Metropolitan Life Insurance Company as garnishee. Interrogatories were filed on June 26, 1934, and the garnishee, on July 11, 1934, filed answers averring that it had issued two policies of insurance commonly known as "Industrial Insurance" policies on the life of Bessie Feldman; that the beneficiary was the "executor or administrator of the insured", unless payment was made under the provisions of a clause contained in each of them, known as the "facility of payment clause"; that that clause reads: "The company may make any payment . . . to the insured's husband or wife, or any relative by blood or by marriage of the insured or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, or for his or her burial"; and that Leon Feldman, the defendant, made claim to the proceeds of one of the policies, and Harry Beldner, a grandson of the insured, made claim to the proceeds of the other policy of insurance.

On November 9, 1934, the plaintiff filed a rule on the garnishee insurer to plead, and in due course the company garnishee filed a plea of nulla bona. In addition it set forth the facts disclosed in the answers previously filed to the interrogatories.

The garnishee averred that subsequent to the filing of the original answers to the interrogatories it exercised the option and privilege conferred upon it,

and made (a) a payment of $100 to the Jewish Welfare Society, which organization expended money for the support and maintenance of the insured in her lifetime and further incurred certain funeral expenses in connection with the burial of the insured; (b) a payment of $145.24 to Harry Beldner, a grandson of the insured; (c) a payment of $167.90 to Leon Feldman. The garnishee contends that it was under no obligation to pay any part of the insurance to any one of the claimants, and that the "facility of payment clauses" in industrial life insurance policies are for the benefit of the insurer, to be exercised or not at its option, and that it gives a third party to whom the insurer may have elected to pay the benefits no right to compel the insurer to make the payment to him.

It is further asserted by the garnishee that Leon Feldman, the defendant in the attachment, "had no legal right under the terms of the policy to demand or sue for any payment to himself as an individual and said payment of $167.90 was made to him as a voluntary and amicable adjustment of the entire matter, instead of requiring the raising the administration on the estate of the deceased insured and making payment to the personal representative of such estate". It therefore argues that the plaintiff obtained no lien by his attachment proceeding on the proceeds of the policies, because it did not owe Leon Feldman any moneys whatsoever.

On the other hand it is urged upon us by the plaintiff that while it is true that when the attachment execution issued the defendant's interest could not be seized, it thereafter became subject to the attachment like any other property coming into the hands of the garnishee prior to the trial.

Broadly speaking it has been said that in order to render the garnishee liable, it is necessary "that it appear in the garnishment proceedings that the garnishee has in his possession property, credits or effects belonging to the debtor, or that the garnishee is indebted to the debtor. The general rule is that the. creditor stands in exactly the same attitude in relation to a garnished fund that the judgment debtor does, and can enforce only such rights as the debtor might enforce. The garnishee cannot be put in a worse position by the institution of the proceedings. The right of the creditor against the garnishee cannot, by garnishment, rise higher than the right of the debtor against the garnishee. If the right of the debtor is subject to a right of the garnishee, the right of the creditor is subject to the same right": 12 R. C. L. 778.

The decisive test to determine whether or not one is liable as garnishee, is, whether the principal debtor has a right of action against the garnishee: Whitney et al. v. Munroe et al., 19 Me. 42; 28 C. J. 15, 17, 51.

Head, J., in Benedict et al. v. Hollman, 68 Pa. Superior Ct. 155, quoting, said: "in order to sustain an attachment execution, there must be a debt due from the garnishee to the defendant in the judgment which may be payable at the time of the service of the writ or may become payable subsequently." Judge Head then continued: "It would follow the right of an attaching creditor can rise no higher than that of his debtor. What the latter could not sue for and recover from the garnishee is beyond the grasp of an attaching creditor."

In Williard v. Prudential Insurance Co. of America, 276 Pa. 427, it was held that the purpose of the contractual method of payment set forth in industrial insurance policies was to protect the insurer in making quick payments under such policies without the expense or loss of time of administration proceedings. The primary purpose of such insurance was the creation of a fund for the benefit of the insured in his last illness and to furnish him a decent burial.

From an examination of the decided cases it will be seen that none of the members of the class to whom voluntary payments may be made under the "facility of payment clause" could sue for and recover the proceeds of the policies, since there was no obligation on the part of the insurance company under the contract to pay any one of them. In other words the clause creates no debt in their favor. The fact that the insurance company exercised its option and made payment to the defendant of a certain sum of money did not have the effect of making the defendant a creditor of the garnishee, either at that time or any prior time. The insurer was but exercising its contractual right. ". . . the attachment of plaintiff could in no way impair that right, or make the agent a creditor of the garnishee when in truth and in fact he was not so." Metropolitan Life Ins. Co. v. Hightower, 211 Ky. 36.

To say that the plaintiff in the attachment proceedings may not reach or subject a debt due to the defendant as against the garnishee unless the latter is compelled to make the payment to the defendant "is merely a broad application of the still broader doctrines that plaintiff acquires only such rights against the garnishee as defendant had": 28 C. J. 93. There must be a relation of debtor and creditor existing between the garnishee and the defendant as a result of contract, express or implied. The debt must run from the garnishee to the defendant: Meyer v. Pianti et al., 109 Pa. Superior Ct. 313.

To conclude: The rights of a creditor in an attachment process cannot rise higher than those which the defendant had against the garnishee, and the liability of the latter is measured by his responsibility in case the debtor himself had brought an action to recover. If, therefore, the latter had no cause of action, the attachment must fall.

We are of opinion that one to whom payment might have been made, at the option of the insurer, under the "facility of payment clause" of an industrial insurance policy, is not a creditor of the insurer so as to enable his creditor to reach the proceeds of the policy by summoning the insurer as garnishee.

The rule is discharged.