[No. 9218.  Department One.  November 1, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Charles E. McAvoy, Plaintiff*, v. MITCHELL GILLIAM, *Judge of the Superior Court et al., Respondents.*[1]

ELECTIONS — CONTESTS — CITATIONS — TIME FOR — JURISDICTION. Where a primary election contest was filed within five days as required by Rem. & Bal. Code, § 4829, the statute prescribing no time for service of citation, the court has jurisdiction, after quashing a citation, to issue another citation.

ELECTIONS — CONTESTS — PROCEDURE — STATUTES.    Rem. & Bal. Code, § 4829, authorizes any candidate for nomination at a primary election to contest the nomination of any other candidate for the same office, and provides a tribunal to try the question; and the fixing of the specific procedure is not essential to the validity of the statute, in view of Rem. & Bal. Code, § 69, providing that, when jurisdiction is conferred upon any tribunal, all the means to carry it into effect are also given, and if the proceedings be not specifically fixed, any suitable mode may be adopted.

LEGISLATURE—ELECTIONS OF MEMBERS—CONTESTS AS TO NOMINATIONS.  Const., art. 2, § 8, providing that each house of the legislature shall be the final judge of the election of its members, does not prevent a judicial contest over the nomination of candidates.

Application filed in the supreme court October 31, 1910, for a writ of prohibition to the superior court of King county, Gilliam, J., to prevent a trial upon the merits of a petition and affidavit seeking to contest the nomination of relator for state senator.    Writ denied.

*J. L. Corrigan* and *Frank M. Egan*, for relator.

*F. J. Carver* and *L. E. Kirkpatrick*, for respondents.

[1]Reported in 111 Pac. 401.

MOUNT, J.—This is an application for a writ of prohibition. It appears that the relator and John A. Whalley were rival candidates at the primary election held in September last, for the office of state senator in the thirty-sixth senatorial district; that at such primary election the returns showed that relator received 1,49'' votes, and Mr. Whalley received 1,435 votes; that on September 27, 1910, the canvassing board issued a certificate of nomination to relator, thereby authorizing his name to be placed upon the general election ballot as the republican nominee for such office. Thereafter Mr. Whalley, within five days, filed in the superior court of King county a petition or affidavit, seeking to contest the nomination of relator. This petition alleged misconduct of the clerks and judges of certain election precincts in the district, and also alleged illegal voting permitted by such judges, and fraud sufficient to avoid the nomination of the relator if the allegations contained in the affidavit are true. Thereafter a citation was issued and served upon relator. This citation was quashed upon motion of the relator, and thereafter another citation was issued and served requiring the relator to appear on October 27, 1910, and answer the contest and abide by any order the court might make. A motion to quash this citation was denied. Whereupon relator filed a demurrer to the affidavit and petition upon the ground that the court had no jurisdiction of the person or the subject-matter of the action. This demurrer was overruled, and the superior court of King county, in which the senatorial district is located, is threatening to try the petition and affidavit upon the merits. The relator seeks to prohibit the superior court from proceeding further, upon the ground that such court has no jurisdiction either of the person or of the subject-matter.

It is argued that the last citation is of no effect, because the court lost jurisdiction when the first citation was quashed. The statute provides, "that such affidavit may be presented within five days after the completion of the canvass by said

canvassing board, and not later." Rem. & Bal. Code, § 4829. There is no provision that the citation shall be served within that time. In *Thomas v. Van Zandt*, 56 Wash. 595, 106 Pac. 141, we held that where no time was fixed by statute when the notice should be served, a futile attempt to serve the citation for an appearance upon a day fixed by the court did not deprive the court of jurisdiction. This rule is conclusive on the question.

It is further argued that the court is without jurisdiction over the subject-matter, because there is no provision of the statute fixing a procedure in such cases. The statute provides, at § 4829, Rem. & Bal. Code:

"Any candidate at such primary election who may desire to contest the nomination of any candidate for the same office at said primary election may proceed by such affidavit so presented [that is, by affidavit to any judge of the supreme court or any judge of the superior court of the county]; Provided, that such affidavit may be presented within five days after the completion of the canvass by said canvassing board, and not later, and the candidate whose nomination is so contested shall, by order of such judge, duly served, be required to appear and abide by the orders of the court to be made therein."

This section, we think, clearly gives the right to *any candidate* for nomination at a primary election to contest the nomination of any other candidate for the same office. It does not limit such contests to certain officers, as is the case of a contest for an election, and therefore the rule announced in *Parmeter v. Bourne*, 8 Wash. 45, 35 Pac. 586, 757, and *State ex rel. Fawcett v. Superior Court*, 14 Wash. 604, 45 Pac. 23, 33 L. R. A. 674, does not apply in this case. This statute provides for a tribunal to try such question, and the process by which the contestant and the contestee are brought within the jurisdiction of the tribunal. It is true, no further specific procedure is pointed out by the statute, but § 69, Rem. & Bal. Code, which is a general provision relating to courts, provides:

"When jurisdiction is, by the constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted, which may appear most conformable to the spirit of this code."

This section seems to supply any deficiency of procedure which is omitted in the primary law, and we think completely answers the objections named. It has been applied in similar cases. See, *Moore v. Gilmore*, 16 Wash. 123, 47 Pac. 239, 58 Am. St. 20; *Hays v. Merchants' Bank of Port Townsend*, 10 Wash. 573, 39 Pac. 98. Under the constitution each house of the legislature shall be the final judge of the election returns and qualifications of its own members. Const., art. 2, § 8. But this does not prevent the legislature from providing a method of nominating and electing candidates for office.

We are therefore of the opinion that the court has jurisdiction both of the subject-matter and of the person of the relator. The writ must therefore be denied.

PARKER, FULLERTON, and GOSE, JJ., concur.