[No. 33057. Department Two. August 23, 1954.]

THE STATE OF WASHINGTON, *on the Relation of Frank D. O'Neil, Plaintiff,* v. HUGH C. TODD, *as Judge of the Superior Court for King County, Respondent.*[1]

[1]Reported in 273 P. (2d) 665.

*Lycette, Diamond & Sylvester,* for relator.

*Charles O. Carroll* and *Jack M. Sawyer,* for respondent Todd.

*William S. Howard,* for respondent Haws.

GRADY, C. J.—This case comes here by certiorari to review a judgment of the superior court determining that the court was without jurisdiction to enter an order prohibiting the county auditor from printing the name of Orlyn Haws on the primary election ballot as a candidate for state senator. The relator claimed that Orlyn Haws was not eligible to have his name printed on the primary election ballot for the reason that he had not filed his declaration of candidacy in proper form. The court based its ruling upon the jurisdictional question on that part of § 8, Art. II, of the constitution of Washington reading as follows: "Each house shall be the judge of the election, returns, and qualifications of its own members, . . ." The relator proceeded under and relied upon RCW 29.04.030, which is as follows:

"Any judge of the supreme court or of the superior court in the proper county shall, by order, require any person charged with error, wrongful act or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such judge by affidavit of an elector that:

"(1) An error or omission has occurred or is about to occur in printing the name of any candidate on official ballots; or

"(2) An error has been committed or is about to be committed in printing the ballots; or

"(3) The name of any person has been or is about to be wrongfully placed upon the ballots; or

"(4) A wrongful act has been performed or is about to be performed by any election officer; or

"(5) Any neglect of duty on the part of an election officer has occurred or is about to occur."

We are of the opinion that the court was in error in holding that it was without jurisdiction to decide whether the auditor had the authority to print the name of Orlyn Haws on the ballot. The jurisdiction of the court to determine such question is derived from RCW 29.04.030. The statute is a part of the legislation providing a method of nominating candidates for public office, to which § 8, Art. II, of the constitution does not apply. *State ex rel. McAvoy v. Gilliam*, 60 Wash. 420, 111 Pac. 401.

The case is remanded to the superior court for further proceedings pursuant to RCW 29.04.030.

The five members of the department being of the opinion that the remittitur should go down forthwith, the clerk is hereby authorized so to do upon the approval of another member of the court.

SCHWELLENBACH, HILL, DONWORTH, and WEAVER, JJ., concur.

HAMLEY, J., approves the order to send down the remittitur forthwith.