[No. 1858-1.    Division One—Panel 2.    August 6, 1973.]

JUANITA ROGOSKI, *Respondent*, v. LUCILLE D. HAMMOND, *Petitioner.*

*Jonson & Li, P.S.,* and *Chi-Dooh Li,* for petitioner.

*Young & Dieson* and *James R. Young,* for respondent.

HOROWITZ, J.—The basic question here is whether due process objections to prejudgment attachment based on RCW 7.12.020 (10) are overcome by the preliminary use of a show cause hearing procedure under RCW 2.28.150.

On July 14, 1972, plaintiff Rogoski commenced an action against defendant Hammond for $3,000 in unpaid rent allegedly owing under a written lease, plus attorney's fees. Concurrently, plaintiff obtained an order directing defendant to show cause within 8 days why a writ of attachment should not issue directing the King County sheriff to "attach and safely keep all the property of the said Defendant within your County not exempt from execution, or so much

thereof as may be sufficient to satisfy said Plaintiff's demand . . ."

Defendant served and filed an answer. It denied any rent was owing and contained a counterclaim for damages for alleged breach of the lease provisions requiring plaintiff to provide heat and off-street parking to the leased premises. The hearing on the show cause order was held on affidavits filed by each, each party appearing by retained counsel. Plaintiff's affidavit showed compliance with RCW 7.12 to justify the issuance of the writ of attachment. Defendant's affidavit denied plaintiff's claim was valid and described her affirmative defenses, setoff and counterclaim to plaintiff's claim. The trial court, on July 28, 1972, entered an order authorizing the writ of attachment to issue. On September 27, 1972, this court granted defendant a writ of certiorari to review the trial court's order.

Defendant contends the order of July 28, 1972 is erroneous because RCW 7.12.020(10)[1] violates the due process clauses of the state and federal constitutions. She particularly relies on *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972); *Seattle Credit Bureau v. Hibbitt*, 7 Wn. App. 219, 499 P.2d 92 (1972); and *Lucas v. Stapp*, 6 Wn. App. 971, 497 P.2d 250 (1972). Defendant argues that prejudgment attachment authorized by RCW 7.12 violates due process because it contains no provision for notice and judicial hearing before the writ of attachment issues to first determine whether the plaintiff's creditor's claim is at least probably valid. Plaintiff contends RCW 2.28.150 authorizes use of the required notice and hearing and that the show cause hearing below meets the due process objections raised.

Two basic questions are presented: (1) whether RCW 7.12.020(10) and RCW 2.28.150 together provide for the constitutionally-required notice and hearing, and (2)

---

[1] RCW 7.12.020(10) sets forth as a ground for attachment "That the object for which the action is brought is to recover on a contract, express or implied."

whether the hearing held below conforms to due process requirements of a prejudgment attachment hearing.

We need not express an opinion on the ultimate impact of the *Sniadach* and *Fuentes* cases. Recent law review writers discuss this matter at length.[2] We likewise need not determine, under the facts here, whether prejudgment attachment on grounds other than RCW 7.12.020(10) mandatorily requires prior notice and hearing on the probable validity of a creditor's claim.

RCW 7.12.020, in dealing with attachments, provides that

before any such writ of attachment shall issue, the plaintiff, or someone in his behalf, shall make and file with [the clerk of the court] an affidavit showing that the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all just credits and offsets), and that the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant, and . . .

. . .

(10) That the object for which the action is brought is to recover on a contract, express or implied.

RCW 7.12 makes no express provision for a prejudgment attachment hearing. Without such a hearing, absent the "extra-ordinary situation" exception referred to in *Fuentes* and *Sniadach*, the effect of these decisions would be to render RCW 7.12.020(10) violative of due process. *See also Randone v. Appellate Dep't*, 5 Cal. 3d 536, 488 P.2d 13, 96 Cal. Rptr. 709 (1971); *Etheredge v. Bradley*, 502 P.2d 146 (Alaska 1972).

RCW 2.28.150 provides, however:

When jurisdiction is, by the Constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by statute, any suitable proc-

[2] *E.g.,* Sherwood, *Creditors' Prehearing Remedies and Due Process,* 14 Ariz. L. Rev. 834 (1972); Williams, *Creditors' Prejudgment Remedies: Expanding Strictures on Traditional Rights,* 25 U. Fla. L. Rev. 60 (1972); Note, *Procedural Due Process—The Prior Hearing Rule and the Demise of Ex Parte Remedies,* 53 Boston U.L. Rev. 41 (1972).

ess or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.

The statute has been applied in other contexts. *State ex rel. Kurtz v. Pratt*, 45 Wn.2d 151, 273 P.2d 516 (1954); *State ex rel. Pemberton v. Superior Court*, 196 Wash. 468, 83 P.2d 345 (1938); *State ex rel. McAvoy v. Gilliam*, 60 Wash. 420, 111 P. 401 (1910); *Moore v. Gilmore*, 16 Wash. 123, 47 P. 239 (1896); *Hays v. Merchants' Bank*, 10 Wash. 573, 39 P. 98 (1895). *See also O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969). In three cases distinguishable from the case here, the court has refused to hold the statute applicable. *Davis v. Woollen*, 191 Wash. 379, 71 P.2d 172 (1937); *State ex rel. Hopman v. Superior Court*, 88 Wash. 612, 153 P. 315 (1915); *State ex rel. Fugita v. Milroy*, 71 Wash. 592, 129 P. 384 (1913).

■ ■ RCW 2.28.150 is broad enough to permit a motion or show cause procedure that will enable the court upon notice and hearing to determine whether the claim "to recover on a contract, express or implied," is at least probably valid so as to permit the writ of attachment to issue. Nothing in the statute requires that a court take a narrow and grudging view of its application if by doing otherwise RCW 7.12 is saved from due process invalidity. A statute, in case of doubt, will be construed in the manner that will render it constitutional and hence effective, rather than unconstitutional. *In re Elliott*, 74 Wn.2d 600, 446 P.2d 347 (1968). As stated in *Meridian v. Southern Bell Tel. & Tel. Co.*, 358 U.S. 639, 641, 3 L. Ed. 2d 562, 79 S. Ct. 455 (1959):

> [T]he state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution . . .

*See also Fornaris v. Ridge Tool Co.*, 400 U.S. 41, 27 L. Ed. 2d 174, 91 S. Ct. 156 (1970); *Reetz v. Bozanich*, 397 U.S. 82, 25 L. Ed. 2d 68, 90 S. Ct. 788 (1970). RCW 7.12 has its place in a credit economy such as ours. As *Fuentes* puts it:

> We do not question the power of a State to seize goods before a final judgment in order to protect the security

interests of creditors so long as those creditors have tested their claim to the goods through the process of a fair prior hearing.

407 U.S. at 96. A show cause proceeding is a "suitable process or mode of proceeding . . . which may appear most comfortable to the spirit of the laws." RCW 2.28.150.

■ We must next determine the essential ingredients of a prejudgment attachment notice and hearing required by due process. *Fuentes* points out:

> Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, . . . it is axiomatic that the hearing must provide a real test. "[D]ue process is afforded only by the kinds of 'notice' and 'hearing' that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor *before* he can be deprived of his property. . . ." *Sniadach v. Family Finance Corp., supra,* at 343 (Harlan, J., concurring). See *Bell v. Burson, supra,* at 540 [402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971)]; *Goldberg v. Kelly, supra,* at 267 [397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970)].

407 U.S. at 97. To accomplish the purpose of the hearing, the form of the hearing must be

> "appropriate to the nature of the case," . . . [and] whatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect.

407 U.S. at 82.

*Goldberg v. Kelly,* 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970), in applying the rationale of *Sniadach* to an administrative hearing to determine the validity of the grounds for termination of welfare benefits prior to a hearing on the merits, states:

> [T]he pre-termination hearing need not take the form of a judicial or quasi-judicial trial. . . . [T]he pre-termination hearing has one function only: to produce an initial determination of the validity of the welfare department's grounds for discontinuance of payments in order to protect a recipient against an erroneous termination of his benefits.

397 U.S. at 266-67.

The rationale of prejudgment garnishment and replevin cases from the Supreme Court of the United States, and other cases as well, is substantially the same with regard to the nature of the due process requirements of notice and hearing. *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972); *Fuentes v. Shevin, supra; Bell v. Burson*, 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971); *Goldberg v. Kelly, supra; Sniadach v. Family Fin. Corp., supra*. The minimum requirements are these: (1) timely and adequate notice of hearing on the probable validity of the creditor's claim which states the basis for the claim and allows the debtor adequate time to prepare for the hearing; (2) an independent and impartial decision maker; (3) the right to appear personally at the hearing, with or without retained counsel; (4) the right at the hearing to confront and cross-examine any adverse witness and to present evidence and oral argument in support of his claim or defense; (5) the right to a decision based on applicable legal rules and evidence adduced at the hearing. Reasons for the determination and an indication of the evidence relied upon should be stated, but formal findings are not required.

█ A party entitled to the benefits thereof may waive any of the due process requirements described if the waiver is " 'voluntarily, intelligently and knowingly' made." But, before such waiver will be found, it "must, at the very *least*, be clear." *Fuentes v. Shevin, supra* at 95. In the absence of an effective waiver, all of the above requirements must be met. As long as they are, the precise form of the prejudgment hearing may vary according to the nature of the case.[3]

█ The requirement that the debtor have an opportunity to confront and cross-examine the witnesses and to present evidence and argument raises a question as to the

[3]We do not consider that *Lindsey v. Normet*, 405 U.S. 56, 31 L. Ed. 2d 36, 92 S. Ct. 862 (1972), bears upon the problem presented here. The purposes of a hearing to restore possession of property wrongfully retained are not the same as a hearing to determine the probable validity of a claim the collection of which is sought to be protected by prejudgment attachment.

method of resolving the issues to be considered at the hearing. The creditor, by affidavit or by oral testimony or both, may set forth the basis of his claim. The debtor, by affidavit, oral testimony or both, may set forth his defense to the claim. He may deny the claim. He may also assert an affirmative defense described in CR 8(c), such as

> accord and satisfaction, arbitration and award, . . . discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, . . . payment, release, res judicata, statute of frauds, statute of limitations, waiver . . .

The debtor may assert a setoff or counterclaim to show that in fact the creditor has no net claim against the debtor on which to base a prejudgment writ of attachment. It is to be noted that RCW 7.12.020, in dealing with the affidavit requirements of the creditor, requires a showing "that the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all just credits and offsets) . . ."

██ In reaching a decision on the probable validity of the creditor's claim, the court must evaluate the creditor's chances of prevailing in the trial on the merits. In doing so he must necessarily take into account the substantive and procedural rules applicable in such a trial. These include rules as to the burdens of proof of the respective parties concerning their claims and defenses. *Robertson v. Club Ephrata*, 48 Wn.2d 285, 293 P.2d 752 (1956); *Gillingham v. Phelps*, 11 Wn.2d 492, 119 P.2d 914 (1941); *Bank of Cal. v. First Mortgage Co.*, 6 Wn. App. 718, 495 P.2d 1057 (1972). They also include rules concerning the admissibility of evidence, *e.g.*, parol evidence rule. Due process and RCW 7.12.020 require that the creditor, at the prejudgment hearing, has the burden of proving the probable validity of the claim "over and above all just credits and offsets." RCW 7.12.020. The apparent purpose of the latter phrase is to deny the creditor the remedy of attachment if, upon a balancing of claims, there remains no net claim in the plaintiff available for attachment. Considering that pur-

pose, counterclaims and setoffs are embraced within the phrase "just credits and offsets" to the extent of determining whether plaintiff has any net claim left. To overcome the creditor's prima facie showing in his attachment affidavit of the existence of a probably valid claim, the debtor has the burden of going forward with the evidence to support his claim that his affirmative defenses, setoffs and counterclaims are probably valid.[4]

A further question relates to the right to offer evidence on the issues raised without being confined to affidavits. CR43(e)(1) provides:

> When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

*See also* CR 43(e)(2). CR 43(e)(1) must be applied in a manner that will not offend due process hearing requirements. The debtor, as pointed out, has a right to produce evidence and arguments thereon, including the right to confront and cross-examine witnesses when those are used. If, therefore, a debtor demands the right to offer evidence rather than to be confined to affidavits, he must be afforded that opportunity. In *Goldberg v. Kelly, supra,* the court held that merely giving the welfare recipient the opportunity to defend on the basis of affidavits was not enough. On the other hand, the debtor need not insist on his right to offer oral evidence. He may waive that right. The creditor, too, is entitled to a hearing conforming to due process,

---

[4]*Compare* Note, *Procedural Due Process—The Prior Hearing Rule and the Demise of Ex Parte Remedies,* 53 Boston U.L. Rev. 41, 63, 67-9 (1973); National Consumer Law Center, National Consumer Act § 5.208 (First Final Draft 1970). California has a special statute regulating prejudgment notice and hearing requirements in cases involving claim and delivery of personal property. Cal. Civ. Proc. Code Ann. § 510 (West Supp. 1973). It has been suggested that in cases involving creditor's prejudgment remedies that use be made of consumer court and arbitration hearings. Sherwood, *Creditors' Prehearing Remedies and Due Process,* 14 Ariz. L. Rev. 834 (1972).

including the right to be heard on affidavits, oral testimony, or both.

The remaining question is whether the hearing here conforms to the due process notice and hearing requirements described. Neither party requested a hearing on oral testimony. Plaintiff creditor's motion was supported by her affidavit that the facts stated in her complaint were true and

the defendant is indebted to the plaintiff in the sum of $3,000.00 for shortages in rent during the past 40 months under the lease executed by plaintiff and defendant.

This action is based on a written contract and the plaintiff is entitled to the issuance of a writ of attachment to the sheriff of King County, Washington directing him to attach the inventory and equipment in the store which is the subject matter of the lease for which this action is brought.

The court then entered an order requiring the defendant debtor

to appear [8 days thereafter] and show cause if any she has why a writ of attachment should not issue . . . for the attachment of inventory and equipment held [in the leased premises].

No restraining order was issued to maintain the status quo pending the hearing. On July 26, 1972, in answer to the order to show cause, defendant filed an affidavit stating that the matters contained in her answer and counterclaim "are true." She denied therein any rent was owing, and stated that the filing of the action and service of process on her was the first notice she received of plaintiff's claim. She then stated that:

The agreement of the parties in entering into the lease after negotiations, was that the monthly rental would be increased from $325 to $400 after the first 18 months only in the event defendant's business showed an increase in profits warranting the payment of higher rent. In fact defendant's business has declined in each of the years since the commencement of the lease term and a substantial portion of such decline is attributable to plaintiff's own breach of the terms of the lease and other verbal

agreements between the parties, all of which is set forth in the answer and counterclaim of defendant filed herein.

She further stated that as an inducement to enter into the lease, plaintiff had promised, among other things, to provide off-street parking for the leased premises, to paint the exterior of the premises, and to permit defendant to use a business sign on the premises taken from defendant's prior business location, and to provide adequate heat for the leased premises. She then stated the plaintiff had violated her agreements. She added:

Defendant's counterclaim against plaintiff herein should exceed the amount of indebtedness alleged to be owing by defendant.

The affidavit finally stated the value of defendant's inventory on the leased premises is over $25,000, so that the issuance of the writ

for the satisfaction of a possible judgment on a doubtful claim which is offset by a claim for damages possibly exceeding the claim itself would be manifestly unjust.

The answering affidavit did not dispute the validity of any other statement contained in plaintiff's affidavit. The trial court's July 28, 1972 order authorizing the writ of attachment to issue recites:

[T]he court having considered the records and files herein and the argument of counsel, and finding that this is an action upon a contract express or implied, and due notice of this hearing having been given to the defendant, now, therefore,

It is hereby ORDERED that the clerk of this court issue a writ of attachment upon the filing of an affidavit for writ of attachment by the plaintiff, and upon her filing a bond in the amount of $5,000.00.

The order omits from the reasons stated that the plaintiff's claim is probably valid. Defendant debtor contends the trial court did not determine the probable validity of plaintiff's claim. Plaintiff does not expressly deny defendant's contention, merely stating that the contention "is not supported by the record brought before the Court of Ap-

peals . . ." No statement of facts has been filed from which we can determine the reasons given by the court before entering the order, or the nature of the concessions of fact, if any, made by counsel prior to the entry of the order. *In re Estate of Offield*, 7 Wn. App. 897, 503 P.2d 767 (1972). For all the order shows, the court may have treated plaintiff's showing of compliance with RCW 7.12.020 (10) as sufficient to authorize the writ of attachment to issue. The importance of according to the debtor a hearing complying with due process requirements is such that we should not affirm the order of July 28, 1972 unless we are certain the court made the determination of probable validity constitutionally required. The rule requiring remand in cases of inadequate findings supports the disposition of the appeal we make here. *See Bowman v. Webster*, 42 Wn.2d 129, 253 P.2d 934 (1953). *See generally* 5 Am. Jur. 2d *Appeal and Error* § 974 (1962); 5B C.J.S. *Appeal and Error* § 1943 (1958).

The order reviewed is reversed with directions to proceed in a manner consistent with this opinion.

CALLOW, J., concurs.

WILLIAMS, J. (concurring specially)—I concur with that part of Judge Horowitz' opinion which vacates the order authorizing the issuance of a writ of attachment. I disagree, however, with the attempt to establish a procedure whereby a prejudgment attachment can legally issue when the action is brought to recover on a debt arising from a contract, express or implied.

For the most part, the prejudgment attachment statute, RCW 7.12, with its summary procedure, serves a useful purpose and does not, in my opinion, violate constitutional due process. The special reasons given for the immediate issuance of the writ are listed in the statute as follows:

(1) That the defendant is a foreign corporation; or
(2) That the defendant is not a resident of this state; or.

(3) That the defendant conceals himself so that the ordinary process of law cannot be served upon him; or

(4) That the defendant has absconded or absented himself from his usual place of abode in this state, so that the ordinary process of law cannot be served upon him; or

(5) That the defendant has removed or is about to remove any of his property from this state, with intent to delay or defraud his creditors; or

(6) That the defendant has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of his property, with intent to delay or defraud his creditors; or

(7) That the defendant is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors; or

(8) That the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought; or

(9) That the damages for which the action is brought are for injuries arising from the commission of some felony, or for the seduction of some female; or

(10) That the object for which the action is brought is to recover on a contract, express or implied.

RCW 7.12.020.

With the exception of subsection 10, these reasons apply to extraordinary or unusual circumstances which may justify issuance of the writ upon affidavit, a bond, and without hearing. *Fuentes v. Shevin,* 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972); *Boddie v. Connecticut,* 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971); *Sniadach v. Family Fin. Corp.,* 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969); *Olympic Forest Prods., Inc. v. Chaussee Corp.,* 82 Wn.2d 418, 511 P.2d 1002 (1973); and *Lucas v. Stapp,* 6 Wn. App. 971, 497 P.2d 250 (1972). The summary procedure of the statute should not be used for subsection 10, because it applies to a commonplace situation which requires no special protection of a public interest.

To make the issuance of a writ based upon subsection 10 constitutionally valid, the majority opinion formulates these rules:

(1) timely and adequate notice of hearing on the probable validity of the creditor's claim which states the basis for the claim and allows the debtor adequate time to prepare for the hearing; (2) an independent and impartial decision maker; (3) the right to appear personally at the hearing, with or without retained counsel; (4) the right at the hearing to confront and cross-examine any adverse witness and to present evidence and oral argument in support of his claim or defense; (5) the right to a decision based on applicable legal rules and evidence adduced at the hearing.

In addition, it is specified in the majority opinion that

The creditor, by affidavit or by oral testimony or both, may set forth the basis of his claim. The debtor, by affidavit, oral testimony or both, may set forth his defense to the claim. He may deny the claim. He may also assert an affirmative defense described in CR 8(c), such as

accord and satisfaction, arbitration and award, . . . discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, . . . payment, release, res judicata, statute of frauds, statute of limitations, waiver . . .

The debtor may assert a setoff or counterclaim to show that in fact the creditor has no net claim against the debtor on which to base a prejudgment writ of attachment.

Also, the court must enter some kind of informal findings and the proceedings must be reported so that a statement of facts can be prepared in the event of a review.

In my opinion, there is no need for this expensive prelude to an action upon a simple contract debt, even assuming that this court is authorized to devise such a procedure. If a creditor wants the debt secured, there are ample statutory means to accomplish that end, RCW Title 62A, without resorting to full-scale litigation in advance of trial on the merits. In any event, it is for the legislature, not this court, to determine the wisdom of establishing a cause of action for the conversion of an unsecured debt into a secured or priority one by court action.