[No. 28320-4-II.   Division Two.   April 9, 2003.]

SCOTT WOOD, ET AL., *Appellants*, v. THURSTON COUNTY, ET AL., *Respondents*.

---

[48] *Connick*, 144 Wn.2d at 458-61.

*Katrina E. Glogowski* (of *Olsen Law Firm, P.L.L.C.*), for appellants.

*Edward G. Holm, Prosecuting Attorney*, and *Jeffrey G. Fancher, Deputy*, for respondents.

ARMSTRONG, J. — Scott Wood, Kelly Vance, and Kurt Weinreich[1] together filed several public disclosure requests with various Thurston County agencies under Washington's public disclosure act (PDA).[2] A county employee responded to all but one of the requests in a timely fashion. Two years later, Wood sued the county, alleging a violation of the PDA. After a show cause hearing, the trial judge accepted the county's explanation that it had not actually received the disputed request and dismissed Wood's claim. On appeal, Wood contends that the county admitted receiving the request in its answer and is bound by the admission. In the alternative, Wood claims that he is entitled to a trial on the issue of whether the county received the disputed request. We find no error and, therefore, affirm.

## FACTS

On June 24, 1999, Wood allegedly served three county departments with requests for public records. Wood labeled the requests PD-TCC-05, PD-TRPC-05, and PD-TCDS-05. The requests all called for the same information.

PD-TCDS-05 was addressed to the Office of Development Services. Administrative Supervisor for Development Services Gina Suomi responds to public records requests submitted to Development Services. Suomi also assists the Board of County Commissioners (BOCC) with public records requests relating to Development Services.

Upon receiving PD-TCDS-05, Suomi responded within 5 working days by letter to Kelly Vance that she would need

---

[1] For simplicity, we refer to the appellants collectively as Wood.

[2] Ch. 42.17 RCW.

approximately 30 days to search for and assemble the requested documents. Suomi searched Development Services files and, with the assistance of BOCC staff, also searched BOCC files. Suomi routinely works with BOCC staff in locating Development Services records that may be on file with the BOCC.

On July 23, 1999, the county sent its response to PD-TCDS-05 on BOCC letterhead to Vance.

Two years later, Wood filed five separate lawsuits, seeking penalties of $25,590 to $511,800, together with costs and attorney fees under RCW 42.17.250-.348. Wood alleged that the county had failed to produce documents in response to request numbered PD-TCC-05.[3]

The county answered Wood's complaint by admitting, "[p]laintiffs made a public records request in writing," dated June 20, 1999. Clerk's Papers (CP) at 10. At the time the answer was filed, the county believed it had received the request referred to in the complaint. But the county later determined that it had not received the specific request, numbered PD-TCC-05, and notified Wood of its changed position. The county also decided that it need not amend its answer because it had received Wood's other public records requests dated June 20, 1999.

During the show cause hearing, Wood argued that the county admitted that it had received the public disclosure requests. In response, the county produced declarations by Suomi and another county employee that the county never received the disputed request. The county also did not find any county e-mails mentioning PD-TCC-05. And, although Wood argued that he had inquired of the county about PD-TCC-05, the county had no record of Wood's inquiries to BOCC, Development Services, or the Prosecuting Attorney's office.

---

[3] Appellants collectively filed 14 separate public records requests between June 1999 and August 1999, along with many other requests made individually or to other county agencies.

At the conclusion of the show cause hearing, the court found that the county had not received the disputed request and dismissed Wood's complaint.

## ANALYSIS

We review an agency action challenged under RCW 42.17.250-.348 de novo. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994).

## I. The County's Answer

In paragraph 7 of his complaint, Wood alleged:

> On or about June 20, 1999, plaintiffs requested by letter that defendants produce copies of all records and other documents contained in defendants' files involving policies and procedures pertaining to TCC's decisions concerning property in which the plaintiffs' have an interest, for inspection and copying by plaintiffs. A copy of the request [PD-TCC-05] is attached hereto as **Exhibit A** and incorporated by reference.

CP at 4.

The county answered:

> In response to paragraph 7 of Plaintiffs' complaint, defendants Thurston County admit that Plaintiffs made a public records request in writing of defendants dated June 20, 1999. As to the remainder of the allegations in the paragraph, defendants Thurston County deny the allegations contained therein.

CP at 10.

▉▉ Wood argues that the county admitted receiving the disputed request in its answer. And according to Wood, because the county never moved to amend its answer even when invited by the trial court to do so, the county is bound by its answer. We disagree.

The county's answer admits that Wood made public disclosure requests. And Wood did serve three requests dated June 20, 1999. But the county did not admit *which*

requests Wood had served on it. In fact, the county specifi-
cally denied the balance of paragraph 7's allegations, which
referred to and incorporated by reference PD-TCC-05, the
disputed request. Thus, the county did not admit receiving
PD-TCC-05, and the trial court did not err in considering
this as a disputed issue of fact.

## II. Right to a Trial

██ Wood argues that if the county was not bound by
its answer, he is at least entitled to a trial on the issue of
whether the county received the disputed request.

The PDA states:

> Upon the motion of any person having been denied an oppor-
> tunity to inspect or copy a public record by an agency, the
> superior court in the county in which a record is maintained
> may require the responsible agency to show cause why it has
> refused to allow inspection or copying of a specific public record
> or class of records.

RCW 42.17.340(1).

Wood concedes that show cause hearings are the usual
method of resolving litigation under RCW 42.17.250. *See
Lindberg v. Kitsap County*, 133 Wn.2d 729, 948 P.2d 805
(1997). He argues, however, that RCW 2.28.150 allows a
trial to remedy an adverse ruling in a show cause hearing
involving disputed facts.

RCW 2.28.150 provides:

> **Implied powers—Proceeding when mode not pre-
> scribed.** When jurisdiction is, by the Constitution of this state,
> or by statute, conferred on a court or judicial officer all the
> means to carry it into effect are also given; and in the exercise
> of the jurisdiction, if the course of proceeding is not specifically
> pointed out by statute, any suitable process or mode of proceed-
> ing may be adopted which may appear most conformable to the
> spirit of the laws.

*See also Rogoski v. Hammond*, 9 Wn. App. 500, 504-05, 513
P.2d 285 (1973).

RCW 2.28.150 applies only "if the course of proceeding is not specifically pointed out by statute . . . ." But the judicial remedy for an agency's failure to comply with the PDA is pointed out. RCW 42.17.340(1) allows Wood to require the county to show cause why it did not provide his requested documents. Wood offers no persuasive reason why he is entitled to a trial to appeal the trial court's factual findings. Moreover, Wood's cited cases do not support his argument.

Wood points out that a motion for summary judgment was used to resolve the issue in *Guillen v. Pierce County*, 96 Wn. App. 862, 866, 982 P.2d 123 (1999), *rev'd in part*, 537 U.S. 129, 123 S. Ct. 720, 154 L. Ed. 2d 610 (2003). In *Guillen*, the plaintiff requested certain engineering drawings from Pierce County. *Guillen*, 96 Wn. App. at 865-66. When the county refused to disclose the information, Guillen petitioned for a show cause hearing. Both parties then moved for summary judgment on the issue of whether the drawings were protected under federal copyright law. *Guillen*, 96 Wn. App. at 866. Thus, although the summary judgment procedure was used to resolve the legal issue, the underlying action was a show cause hearing, not a trial. *Guillen*, 96 Wn. App. at 866.

Wood also points out that in at least one PDA case, the court held a short trial. *Cowles Publ'g Co. v. State Patrol*, 44 Wn. App. 882, 886, 724 P.2d 379 (1986), *rev'd*, 109 Wn.2d 712, 748 P.2d 597 (1988). In *Cowles*, the issue was whether the requested information was exempt from disclosure. To establish the exemption, the state patrol presented numerous witnesses. *Cowles Publ'g Co.*, 109 Wn.2d at 715-16. But again, the plaintiffs started the action by moving for a show cause as to why the state patrol should not produce the information. *Cowles Publ'g Co.*, 44 Wn. App. 886.

Thus, both *Guillen* and *Cowles* were show cause proceedings. *Guillen* involved a question of law only and *Cowles* involved a question of law that turned upon certain factual findings. *Cowles Publ'g Co.*, 44 Wn. App. at 887.

Here, the county presented declarations that it did not receive request PD-TCC-05. In response, Wood presented a

declaration that he mailed the request to the county. Wood did not ask to present live testimony on the issue. Although RCW 42.17.340 allows the court to conduct a hearing based solely on affidavits, nothing in the PDA or in the Thurston County rules precludes a party from presenting live testimony. We conclude that Wood is not entitled to a trial on the factual issue the trial court resolved against him in the show cause hearing.

## III. Attorney Fees

█ The county requests attorney fees under RAP 18.9(a). Under RAP 18.9(a) this court may:

> order a party or counsel, or a court reporter or other authorized person preparing a verbatim report of proceedings, who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court.

RAP 18.9(a).

We resolve all doubts as to whether an appeal is frivolous in favor of the appellant. *Streater v. White*, 26 Wn. App. 430, 435, 613 P.2d 187 (1980). An appeal is frivolous only if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal. *Streater*, 26 Wn. App. at 435.

We decline to find Wood's appeal frivolous. It is not disputed that the county failed to answer one of Wood's public disclosure requests. And although the county told Wood's counsel early on that it had not received the request, Wood was not obliged to accept this explanation. Nor was it apparent that the trial judge would accept the county's explanation. Thus, we conclude that Wood raised a debat-

able issue as to whether the county received the disputed request.

Affirmed.

HOUGHTON and BRIDGEWATER, JJ., concur.